## JEFFERSON *v.* DISTRICT OF COLUMBIA.

---

POLICE COURT; APPEAL AND ERROR; POTOMAC RIVER; DISTRICT OF COLUM-
   BIA; INTOXICATING LIQUORS; WATERS; INTERSTATE COMMERCE.

1. Writs of error to the police court of the District of Columbia are not
   granted to review formal defects in pleading merely; and such de-

fects are waived by bringing a case up to this court on stipulated facts. (Citing *District of Columbia* v. *Lee,* 35 App. D. C. 341, 21 Ann. Cas. 973.)

2. The entire part of the Potomac river between the District of Columbia and the Virginia shores is a part of the District, and as such is subject to all local legislation and police regulations of the District, unless there is a clear intent to exclude it therefrom.

3. The fact that a boat or vessel is engaged in interstate commerce does not prevent the application to it of the laws of the District of Columbia regulating the sale of intoxicating liquors (citing *Hyde* v. *Southern R. Co.* 31 App. D. C. 466), and it is immaterial whether there is any provision of law for the granting of licenses to sell such liquors on that portion of the Potomac river which is within the limits **of** the District.

4. Statutes regulating the sale of intoxicating liquors in the District of Columbia extend to that part of the Potomac river which is within the territorial limits of the District.

No. 2492. Submitted April 7, 1913. Decided May 5, 1913.

IN ERROR to the Police Court of the District of Columbia to review a judgment convicting defendant of unlawfully selling intoxicating liquor. *Affirmed.*

The COURT in the opinion stated the facts as follows:

Writ of error to the police court to review a judgment convicting the plaintiff in error, Lewis Jefferson, of unlawfully selling intoxicating liquor in the District of Columbia, and imposing a fine of $250. The facts were agreed upon and the stipulation recited that "the court should render judgment thereon."

From this statement it appears that the "Angler" is a steamboat engaged in carrying passengers between the city of Washington and a nearby excursion resort in Maryland, and a bar is kept thereon. On August 11, 1912, after backing out from the 7th street wharf, and while in the channel opposite the Sea Wall of Potomac park, intoxicating liquors were sold by the drink, by direction of plaintiff in error, who is the manager of

said boat. Again, on the return trip, and while in the river between the city of Alexandria, Virginia, and the opposite shore of the District, such liquors were sold. It was also agreed that the owner of said boat had previously applied to the District excise board for a retail liquor license, which said board declined to grant, on the ground that it had no authority to do so under the excise law. Motion was made to dismiss upon the ground, first, that the act regulating the sale of liquors, etc. does not extend to boats operating in the Potomac river in interstate commerce; second, that the facts do not constitute an offense. Certain other objections relate to the form of the information.

*Mr. Alvin L. Newmyer* for the plaintiff in error.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. P. H. Marshall,* Assistant, for the defendant in error.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Writs of error to the police court are not granted to review formal defects in pleading merely; and if any such there are in this case, they are waived by the statement of facts which it was stipulated the court should render its judgment upon. *District of Columbia* v. *Lee,* 35 App. D. C. 341–343, 21 Ann. Cas. 973.

The entire part of the Potomac river between the District and Virginia shores is a part of the District of Columbia, and as such is subject to all local legislation and police regulations, unless the intent appears to exclude it therefrom. *Smoot* v. *District of Columbia,* 23 App. D. C. 266–271. That the vessel on which the acts claimed to be unlawful were committed may have been engaged in interstate commerce is of no weight in this determination, because the power of Congress in the District of Columbia is plenary and extends to all commerce

of whatsoever nature that may be carried on within its boundaries. *Hyde* v. *Southern R. Co.* 31 App. D. C. 466–470.

The act of March 3, 1893 (27 Stat. at L. 563, chap. 204), to regulate the sale of intoxicating liquors in the District of Columbia prohibits all sales therein except as provided in said act. Another act expressly prohibits all sales of liquor within one mile of Soldiers Home in said District. An amendment May 11, 1894, prohibits all sales of liquor within certain distances of schools and houses of religious worship. (28 Stat. at L. 76, chap. 73.) An excise board is created and charged with the duty of issuing licenses for the sale of liquors in conformity with the provisions of the law, as well as with the execution of the law. Consent of adjacent property owners is a condition precedent to the issue of licenses in certain parts of the city. Subject to the conditions mentioned, the excise board may issue licenses, and all sales without license, and those within prohibited limits, are punishable. We observe nothing in the provisions of the statute to indicate the exclusion of its operation in that part of the District which is embraced in the Potomac river. Whether the excise board may issue licenses for the sale of liquor on the river is not a question necessary to be determined in this case. Whether it had the power is immaterial. The fact that it refused a license for want of legal authority, or for any other reason, could not justify the sale without license. The excise board had no lawful authority to issue a license to sell or peddle intoxicating liquors in the public streets and squares of the District, nor is such a sale prohibited; but such sales therein would nevertheless be punishable as violations of the law, for reasons that apply equally to the public water highway.

There was no error in the judgment of the police court, and it is affirmed. *Affirmed.*